No. 629

**First Circuit**

———

**LOUISIANA OIL REFINING CORP. v. BURLEIGH**

**(WILLIAMS RICHARDSON CO., INC., Third Opponent and Intervener.)**

———

(June 9, 1930. Opinion and Decree.)

———

Dubuisson, Perrault & Burleigh, of Opelousas, attorneys for plaintiff, appellee.

L. B. Sandoz, of Opelousas, attorney for third opponent and intervener, appellant.

ELLIOTT, J. Williams Richardson Company, Inc., obtained judgment against Joseph H. Burleigh for $198.88 with interest and cost, by judgment signed June 6, 1929.

Louisiana Oil Refining Corporation obtained judgment against the same defendant for $256.32 with interest and cost, by judgment signed July 15, 1929.

On September 21, 1929, Louisiana Oil Refining Corporation caused to issue on its judgment a writ of fieri facias. This writ was credited with $50 and placed in the hands of the sheriff for execution on the day it was executed.

On October 7, 1929, Williams Richardson Company, Inc., caused a like writ to issue on its judgment, and the same was placed in the hands of the sheriff for execution, but the date it was placed in the hands of the sheriff does not appear.

On October 22, 1929, the sheriff executed both writs by seizing and taking into his possession a stock of merchandise belonging to the debtor, and advertised the seized property for sale.

It appears that John Horecky had obtained judgment against the same debtor and that execution also issued on his judgment, because the property seized was advertised to be sold under three seizures.

On being sold, the property brought $300. The sheriff made his return on the writ of Louisiana Oil Refining Corporation. After paying the cost he applied the sum of $209.72 on this writ, being the full amount it called for, leaving $43.84 to be applied on the writ of Williams Richardson Company, Inc. The record does not show any return on the writ of Williams Richardson Company, Inc., nor on that of John Horecky. John Horecky does not contest the matter. Williams Richardson Company, Inc., opposed the application of the proceeds to satisfy the writ of Louisiana Oil Refining Corporation, urging in its petition of opposition that its seizure and that of Louisiana Oil Refining Corporation was made concurrently, each at the same time. That as a result, each had an equal right, the same rank of privilege, and that the proceeds should be prorated between them proportionately and according to the amount due them on their respective writs.

Louisiana Oil Refining Corporation, answering the opposition, denies that the seizures were made concurrently and at the same time, and denies that the third opponent is entitled to a proportionate share of the proceeds. It alleges that the seizure under its writ was made first and that it is therefore entitled to be paid out of the proceeds in question first and in full.

The contest was submitted to the lower court on the writs, notices of seizures, and sheriff's return on the writ issued under the judgment of Louisiana Oil Refining Corporation.

No effort was made to show that the return on the Louisiana Oil Refining Corporation writ was wrong in applying the proceeds to the satisfaction of that writ.

If the two seizures had been made, in fact, concurrently and at the same time it could no doubt have been shown, but it was not done. Under the law, Code Prac. art. 643, it was the duty of the sheriff to execute the Louisiana Oil Refining Corporation writ first, because it was first received. He is presumed, in the absence of any showing to the contrary, to have

executed it first, as the law directs and provides in such cases. There is no showing that the Louisiana Oil Refining Corporation writ and that of the Williams Richardson Company, Inc., were executed concurrently and at the same time. The fact that both seizures were made on the same day does not destroy the presumption that the seizure in the Louisiana Oil Refining Corporation case was made first and as should have been done. Such was the holding in the lower court.

The ruling was correct.

Judgment affirmed. Third opponent and intervener to pay the cost of the opposition and intervention in both courts.